**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CLIFFORD G. TAMPLIN,

Plaintiff,

v.

DIAGEO INC., AS SUCCESSOR IN INTEREST OF GRAND METROPOLITAN INCORPORATED,

Defendant.

Civil File No. 00-CV-1957 (RHK/JMM)

**STIPULATION AND PROTECTIVE ORDER**

---

The parties have agreed that a Protective Order should be entered in the captioned matter as follows:

1. This Protective Order shall apply to all confidential documents or information ("Confidential Information") revealed or produced by Plaintiff, Clifford G. Tamplin, or the Defendant during discovery in the above-captioned case, whether in response to a document request, interrogatory, deposition, request for admission, subpoena, or in other proceedings prior to trial. Confidential Information shall include:

   a. Any personnel, tax, accounting, or financial records relating to any other employee of Defendant who is not a party to this lawsuit; and

   b. Other information of a personal, confidential or proprietary nature.

2. All documents or information containing Confidential Information shall be designated as such by the party producing the documents. If Opposing Counsel wishes to contest such designation, said counsel shall inform the Designating Party's counsel of their objection to such designation and the parties shall attempt to reach agreement concerning the information in question. In the event Opposing Counsel notifies the Designating Party's counsel in writing that no agreement

MAR 12 2001
CLERK
JUDGMENT ENTD

can be reached, within ten (10) days of receipt of such notice, Designating Party may seek a protective order from the Court by filing an appropriate motion under seal. The Opposing Party shall not reveal such designated document until after the Court rules on the motion.

3. The Confidential Information shall not be disclosed, made available or otherwise utilized by the parties or their agents, as defined in paragraph 4 of this Protective Order, for any purpose except in connection with the investigation, discovery, preparation for and trial of this action.

4. The Confidential Information or information contained therein or derived therefrom shall not be disclosed to any person or entity without the written consent of the party disclosing the information, except to:

a. Counsel for Plaintiff or Defendant;

b. Parties to the action, including corporate representatives of the Defendant;

c. Regular employees or agents of counsel (such as associates, secretaries, clerks or paralegals) who have direct responsibility for assisting counsel in the preparation and trial of this action;

d. Expert witnesses retained by Plaintiff or Defendant to assist in the preparation and trial of this action;

e. Non-party fact witnesses who may be called to give testimony in discovery or at the trial of this action and with whom counsel in good faith believes it is necessary to share the Confidential Information in order to prepare this case, provided such persons execute the agreement referenced in paragraph 7 of this Order; and

f. The Court and its staff.

5. No person to whom such Confidential Information is disclosed shall disclose it or its contents to any person other than those described in paragraph 4 above and for the purpose specified, and in no event shall such person make any other use of such Confidential Information. Other than the foregoing authorized disclosure, the Confidential Information shall not be disclosed to any other person without the prior written consent of the party disclosing the information.

6. Should either party wish to submit Confidential Information to the Court for any reason other than at trial, such Confidential Information shall be submitted under seal with the designation:

**"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER This envelope containing the above-identified documents filed by [name of party] is not to be opened nor the contents thereof displayed or revealed except as provided under the terms of the Protective Order issued in this proceeding by the Court."**

7. Before disclosing material subject to this Order to any authorized person identified in Paragraph 4 (b), (d), and (e), counsel for the party making such disclosure shall provide each such person with a copy of this Order and shall advise each such person that they are prohibited from disclosing any such material to any other person. Counsel shall also inform them that violation of this Order will subject such person to the sanctions of this Court, and each such person shall agree in writing to comply with the terms of this Order in the form of Exhibit A to this Order. The original acknowledgments shall be maintained by the attorney for the party who designated such person. Any person, other than counsel's staff, to whom Confidential Information is disclosed as provided herein shall first be given a copy of this Protective Order and shall first be advised and agree that he or she is subject to its provisions.

8. Within thirty (30) days after final disposition of this case, whether such disposition occurs by settlement, judgment after trial, or upon exhaustion of any appeals, or by other means,

counsel shall make application to withdraw from the Clerk's possession any documents filed under seal.

9. This Protective Order may be modified by agreement of the parties subject to the approval of this Court, or by further order of the Court upon good cause shown.

Dated: March 9, 2001

THOMAS E. GLENNON & ASSOCIATES, P.A.

By: ______________________________
Thomas E. Glennon, Esq. (#124058)
4700 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: 612-347-0426

**ATTORNEY FOR PLAINTIFF**

Dated: March 7, 2001

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: ______________________________
Patricia A. Bloodgood (#157673)
Susan E. Ellingstad (#243346)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Phone: 612-339-6900

**ATTORNEYS FOR DEFENDANT**

**THE ABOVE IS SO ORDERED:**

Dated: 3/12/01

______________________________
Honorable John M. Mason
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CLIFFORD G. TAMPLIN, Civil File No. 00-CV-1957 (RHK/.MM)

Plaintiff,

v.

DIAGEO INC., AS SUCCESSOR
IN INTEREST OF GRAND
METROPOLITAN INCORPORATED,

Defendant.

---

**EXHIBIT A**

Acknowledgment Concerning Confidential Material

The undersigned acknowledges:

1. I have read the Protective Order entered in this litigation by the United Sta.es District Court for the District of Minnesota.

2. I understand that it requires me to keep certain information and documents confidential and that I may be subject to sanctions by the court for contempt for violation of this order.

3. I have been designated by ______________________________ [insert name of party] as an authorized person under the order, and I individually and on behalf of ______________________________ [insert name of employer] agree to be bound by the terms of the order.

Dated: ______________________________

______________________________
Signature

______________________________
Print Name

MAR 1 2 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.